# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER VAN HOLTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Civil Action No. 7:08-cv-158 (HL)** |
| | : | |
| **MOORE FREIGHT LINES, INC. and** | : | |
| **SENTRY SELECT INSURANCE** | : | |
| **COMPANY** | : | |
| | : | |
| Defendant. | : | |

## ORDER

## I.     INTRODUCTION

This case was commenced in this Court on December 3, 2008.  Consistent with the practices of this Court, the Complaint was subjected to an initial review. Following review of the Complaint, the Court directs Plaintiff to amend consistent with the following.

Plaintiff, Christopher Van Holton, commenced a negligence action in this Court after allegedly sustaining injuries from an automobile accident.  The Complaint states only that Defendant Moore Freight Lines, Inc. is "a Florida corporation," and that Defendant Sentry Select Insurance Company is "a Wisconsin corporation."

## II.     DISCUSSION

A.     **Citizenship of a Corporation**

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states.   28 U.S.C.A. § 1332(a) (West 2008).  For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business.  28 U.S.C.A. § 1332(c)(1) (West 2008).  Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."  Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003).   In examining the jurisdictional allegations presented in the Complaint, the Court finds they are lacking.  Plaintiff failed to provide the Defendants' place of incorporation and one principle place of business.

As a result, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction.  However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted.  Accordingly, Plaintiff shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the findings of this Order.   Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of

jurisdiction.

## III.   CONCLUSION

For the aforementioned reasons, Plaintiff shall have twenty (20) days from the

entry of this Order to correct the deficient allegations of citizenship.

**SO ORDERED**, this the 4th day of December, 2008.

_s/  Hugh Lawson_
**HUGH LAWSON, JUDGE**

wjc